**FILED**

IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

APR 0 9 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**COMPLAINT**

William Henry Clay, ⊢ 05445.032
        Plaintiff,
USP. Atlanta
DOB 150160
  v  Atlanta, GA 30315

Case: 1:08-cv-00603
Assigned To : Lamberth, Royce C.
Assign. Date : 4/9/2008
Description: Pro Se Gen. Civil

ATTORNEY GENERAL OF THE UNITED STATES,      )
DEPARTMENT OF JUSTICE,                       )
HARLEY LAPPIN, DIRECTOR FEDERAL BUREAU       )
OF PRISONS, KIM M WHITE REGIONAL             )
DIRECTOR, FEDERAL BUREAU OF PRISONS,         )
WARDEN OF FEDERAL CORRECTIONAL               )
INSTITUTION MANCHESTER, KENTUCKY,            )
WHOSE NAME IS UNKNOWN, ASSOCIATE             )
WARDENS FEDERAL CORRECTIONAL                 )
INSTITUTION MANCHESTER, KENTUCKY, WHOSE      )
NAMES ARE UNKNOWN,                           )
SPECIAL INVESTIGATOR AGENT, MANCHESTER,      )
FEDERAL CORRECTIONAL INSTITUTION WHOSE       )
NAME IS UNKNOWN, SIS Lt. WHOSE NAME IS       )
UNKNOWN TO ME                                )
CAPTAIN, FEDERAL CORRECTIONAL INSTI-         )
TUTION MANCHESTER, WHOSE NAME IS UN-         )
KNOWN                                        )
MORRIS A. GRUNDY FEDERAL CORRECTIONAL        )
OFFICER, FEDERAL CORRECTIONAL INSTITUTION,   )
MANCHESTER, KENTUCKY. IN THEIR INDIVIDUAL    )
AND OFFICIAL CAPACITIES DEFENDANT'S E. T. AL. )

**CIVIL RIGHTS COMPLAINT**
**WITH JURY TRIAL DEMAND**

    This is a 1983, action filed by Plaintiff, named alleging

**RECEIVED**

MAR 3 1 2008

Clerk, U.S. District and
Bankruptcy Courts

\

violations of the Constitution's Fifth and Eighth Amendments, seeking declaratory, judgement, compensatory damages, punitive damages, injunctive relief. Payment for all court costs, payment for all attorney fees, with a jury trial demand.

## JURISDICTION

This is a Civil Rights action under 42 U.S.C. 1983. This Court has jurisdiction under 28 U.S.C. 1343, Plaintiff also invokes the pendent jurisdiction of this Court.

## PARTIES

1). Plaintiff named in this civil action is presently being held at United States Penitentiary Atlanta. Atlanta, Georgia.

2). Defendant Attorney General of the United States, Department of Justice, is the superior of defendant Lappin, and is responsible for the operations and management of all Federal Bureau of Prisons employees, employed by the department of Justice. He is ultimately responsible for his employee's in the Federal Bureau of Prisons. He is sued in his individual and official capacities.

3). Harley Lappin, is the Director of the Federal Bureau of Prisons, Department of Justice, he is an agent of defendant Attorney General. He is sued in his individual and official capacities.

4). Kim M. White, is the Regional Director of the Federal Bureau of Prisons, Department of Justice. She is an agent of the defendant Attorney General, and Director Harley Lappin. She is sued in her individual and official capacities.

5). Warden of Federal Correctional Institution, Manchester, Kentucky, is an agent of defendant Attorney General, Director of Federal Bureau of Prisons, Harley Lappin, and Regional Director of Federal Bureau of Prisons. Kim M. White, he or she is sued in their individual and official capacities.

6). Associate Wardens of Federal Correctional Institution Manchester, Kentucky, who are agents of defendants Attorney General, Director of Federal Bureau of Prisons Lappin, Regional Director Kim M. White of the Federal Bureau of Prisons. They are sued in their individual and official capacities.

7). Special Investigations agent at Federal Correctional Institution Manchester, Kenticky, who is an agent of Warden, at Federal Correctional Institution Manchester, Kentucky, he or she is sued in their individual and official capacities.

8). Special Investigations service Leiutenant, who is an agent of Special Investigation agent at Federal Correctional Institution, Manchester, Kentucky, he or she is sued in their individual and official capacities.

9). Captain, Federal Correctional Institution, Manchester Kentucky. He or she is an agent of Warden, at Federal Correctional Institution Manchestor, Kentucky. He or she is sued in

3

their individual and official capacities

    10). Morris A. Grundy, was a Federal Correctional Officer at Federal Correctional Institution Manchester, Kentucky. He was an agent of all defendants named above, he is sued in his individual and official capacities.

    11). All defendants have acted under color of law during all times relevant to this complaint.

**FACTS**

    On March 21, 2003, Plaintiff William Henry Clay, was house at Federal Correctional Institution, Manchester, Keentucky. Morris A. Grundy worked as a Federal Correctional Officer at Federal Correctional Institution Manchester, Kentucky. At approximately 8:30am, Morris A. Grundy approached Plaintiff in the Food Service area of the prison. Morris A. Grundy yelled "Bitch ass nigger, I will kill you," and proceeded to stab Plaintiff knocking Plaintiff to the floor, Morris A. grundy, then jumped on Plaintiff while he was on the floor, screaming "Nigger I will kill you."

    Plaintiff was taken to an outside hospital. Morris A. Grundy was arrested and later convicted of violating Title 18 U.S.C. Section 113(a)(4), incriminal information No. 03-CR-47-DCR). Morris A. Grundy was sentenced to two (2) years probation on October 24, 2003, in the United States District Court for the Eastern District of Kentucky. Plaintiff prior to the filing of

this action, had failed an administrative Tort Claim, which was dismissed with prejudice on September 28, 2007. This 1983, Civil complaint followed.

## CLAIMS

### FIRST CAUSE OF ACTION

(1). The actions of defendant Morris A. Grundy, as stated in the facts of this complaint, violate Title 18 U.S.C. Section 113(a)(4), and are prohibited by law;

(2). Plaintiff was denied and deprived of the equal protections of law, and subjected to cruel and unusual punishment by being stabbed by Federal Correctional Officer Morris A. Grundy on a Federal Reservation;

### SECOND CAUSE OF ACTION

(3). The actions of all defendants named as known and unknown in this complaint, were and are willingfully and intentionally done in a deliberate attempt to conspire, agree, and confederate to subject Plaintiff, to cruel and unusual punishment, in violation of the Constitution's Eighth Amendment.

### THIRD CAUSE OF ACTION

(1). The Attorney General of the United States, is the

5

cheif law officer over the Department of Justice. He is the employer of the Director of the Federal Bureau of Prisons, Harley Lappin, he is also the employer of all underlings of Harley Lappin, in the Federal Bureau of Prisons. They are all sued directly for failure to supervise, train and control their employees. The Attorney General is sued pursuant to the doctrine of Respondent Superior in the related claims;

(2). Harley Lappin, Kim M. White, Warden and Associate Wardens, together were employed by the Department of Justice, Attorney General at the Federal Bureau of Prisons on March 21, 2003. The above named are being sued in their individual and official capacities;

(3). Special Investigator agent S.I.S. Lt., Captain, are being sued in their individual and official capacities;

(4). At all times relevant, hereto, defendants were acting under the color of the statutes, ordinances, regulations, customs and usages of the department of Justice, within the scope of their employment with the Federal Bureau of Prisons.

## FOURTH CAUSE OF ACTION

(1). As part of the conspiracy, the defendants all failed to provide a safe environment in its prison system;

(2). As part of the conspiracy, the defendants all conspired to subject Plaintiff to cruel and unusual punishment in

6

in a life threatening environment by failing to monitor their employee's behavior and actions;

(3). All defendants were under color of law, and statute when they subjected Plaintiff to life threatening conditions in their prison system, the Federal Bureau of Prisons.

## FIFTH CAUSE OF ACTION

(1). The conspiracy in this cause is Department of Justice and the Federal Bureau of Prisons, which used their official positions to subject Plaintiff to a life threatening situation by allowing Plaintiff to be brutally attacked, and stabbed by one of its employees;

(2). The Department of Justice and the Federal Bureau of Prisons agreed to violate Plaintiff's Civil Rights under color of law, violating 18 U.S.C. 241, 242 Civil Rights;

(3). Plaintiff being stabbed by a Federal Correctional Officer is a direct result of the Attorney General's failure to properly instruct, supervise, and control his employees;

(4). The Attorney General's failure to track, notice, act upon or correct patterns of physical violence by his employees encouraged a climate of physical violence by his employees;

(5). the failure to instruct, train or supervise in what constitutes a safe environment, constitutes negligence.

7

## RELIEF REQUESTED

WHEREFORE, Plaintiff request that the Court grant the following relief:

(A)  Issue a Declaratory Judgement, declaring that the defendants named in this complaint, violated the Constitution's Eighth Amendment when they;

(B)  Issue an immediate injunction, ordering the defendants to;

1).  Refrain from avoiding the directives of its policies and customs, and procedures of protecting prisoners from bodily harm by its employees.

(C)  Pay all attorney fees and costs of Court, related to this matter.

## PUNITIVE DAMAGES

1).  Plaintiff seeks punitive damages in the amount of Ten Million Dollars ($10,000,000.00) from all defendants named Accord, **Smith  v  Wade**, 461 U.S. 30, 51 (1983)(Punitive damages proper in 1983, case involving reckless, or callous disregard for the plaintiff's rights as well as intentional violations of Federal Law) **Carlson  v  Green**, 446 U.S. 14, 18-19 (1980). **Bivens  v  Six Unknown Named agents of Fed. Bureau of Narcotics**, 463 U.S. 388, 396-97 (1971). A federal official in his or her official capacity, when sued for injunctive relief, is a per-

8

son under 1983, because official-capacity actions for pro-spective relief are not treated as actions against the State. Accord, **Michigan v Dept. of State Police**, 491 U.S. at 2311, N.10, (Quoting **Kentucky v Graham**, 473 U.S. 159, 967, N.14, 105 S.Ct. 3099, 3.106, N.14 (1985). please see attached ex-hibits showing Morris A, Grundy being convicted of violently stabbing Plaintiff

Respectfully submitted,

William Henry Clay
Reg. No. #05445-032
USP-Atlanta
P.O. Box 150160
Atlanta, Ga. 30315

9

## H BLAME EACH OTHER – B3

# EGION

OM | LEXINGTON HERALD-LEADER                    SECTION B

# Prison officer charged

### Food thermometer alleged as weapon

### CLAY COUNTY PRISONER HURT

#### By Bill Estep
SOUTH-CENTRAL KENTUCKY BUREAU

MANCHESTER — A kitchen supervisor at the federal prison in Clay County used a meat thermometer to stab an inmate in the chest, according to a criminal complaint filed yesterday in U.S. District Court.

Morris Antoine Grundy is charged with attempted murder in the unusual case.

According to a sworn statement from Timothy M. O'Leary, the FBI agent who investigated, an inmate named William Henry Clay said Grundy owed him money and that they got into a verbal confrontation in the dining room about 8:30 a.m. last Friday.

Clay was cleaning tables under Grundy's supervision. Clay said Grundy took some playing cards from him, threw them on the floor and then stabbed Clay once in the center of the chest with something sharp, according to the affidavit.

Another inmate told the FBI he heard Grundy curse Clay as they argued and then saw him pull a meat thermometer from his shirt pocket and thrust it at Clay, missing him the first time and stabbing him the second.

Grundy told the other inmate, "You didn't see anything," according to O'Leary's affidavit.

Grundy's attorney said he understood Clay was not seriously injured.



PHOTOS BY FRANK ANDERSON | STAFF

age at the Scottish Links Apartments.

# tish Links



Grundy's attorney said he understood Cla...

Clay, 51, of Lexington, was sentenced in 1995 to serve nearly 12 years after pleading guilty to selling cocaine from a bar on Georgetown Street.

Another inmate told a prison administrator he saw Grundy go into an office after the stabbing and throw something behind some mail boxes. A corrections officer found a meat thermometer there, according to the statement.

Prison officials detained Grundy and called the FBI.

When O'Leary interviewed Grundy, he said Clay had asked him in December to bring in drugs, but he had refused. The morning of the stabbing, Clay slapped Grundy's hat twice, Grundy said.

After Grundy pulled the thermometer, Clay approached him and Grundy "pushed" at him with the sharp implement, stabbing Clay, according to the statement.

Grundy said he called for help for Clay imme-

CITY | REGION

LEXINGTON HERALD-LEADER
WWW.KENTUCKY.COM

# pox vaccinations



## PRISON | Case could turn on issue of self-defense

From Page B1

ary 2002, said Dan Dunne, a spokesman for the U.S. Bureau of Prisons. As a food-service foreman, Grundy is also a corrections officer.

Grundy came to Manchester from Texas, said London attorney Douglas Benge, who represents him.

Benge said Grundy "absolutely" plans to plead not guilty. There could be an issue



of self-defense, and the question of Grundy's state of mind and intent "will be very decisive in what can be proven," Benge said.

It is unusual for federal corrections officers to be charged with trying to kill inmates. Dunne couldn't recall a similar case.

Grundy made an initial appearance in court yesterday. U.S. Magistrate Judge J.B. Johnson Jr. set his bond at $10,000 cash.

Grundy was being held yesterday at the Laurel County Jail.

Dunne said FCI Manchester officials are reviewing Grundy's status at the prison. The normal procedure when a prison employee is indicted is to suspend the person indefinitely while the case is pending, Dunne said.

ty has already

Eastern District of Kentucky
TENDERED
Date 7-25-03
LESLIE G. WHITMER
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
FILED

OCT 24 2003

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CRIMINAL ACTION NO. 03-47-DCR

UNITED STATES OF AMERICA                                      PLAINTIFF

V.                          PLEA AGREEMENT

MORRIS A. GRUNDY                                             DEFENDANT

*　*　*　*　*

1. Pursuant to Federal Rule of Criminal Procedure 11, the Defendant will enter

a guilty plea to the one Information, charging a violation of 18 U.S.C. § 113(a)(4). The

United States will move at sentencing to dismiss London Criminal Number 03-28-DCR.

2. The essential elements of the Count contained in the Information are:

(a) That within the special maritime and territorial jurisdiction of the United
States;

(b) the defendant assaulted another individual;

(c) by striking or wounding that individual.

3. As to the Count charged in the Information, the United States could prove the

following facts that establish the essential elements of the offense beyond a reasonable

doubt, and the Defendant admits these facts:

On or about March 31, 2003, at the Federal Correctional Institution (FCI) in
Manchester, Kentucky, which is located in the Eastern District of Kentucky, the

defendant, an employee at FCI Manchester, assaulted William Henry Clay by striking and wounding him with a meat thermometer.

4. The maximum statutory punishment is imprisonment for not more than 6 months, a fine of not more than $5000.00, or both, and a term of supervised release of not more than 1 year. A mandatory special assessment of $10.00 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk not later than the time of sentencing.

5. The United States and the Defendant agree that pursuant to United States Sentencing Guidelines (U S S G) § 1B1.2(a) and § 1B1.9, the Sentencing Guidelines do not apply to a Class B misdemeanor and the Court may impose any penalty authorized by the by 18 U.S.C. § 113(a)(4)

6. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

7. The Defendant waives the right to appeal and the right to attack collaterally the guilty plea, conviction, and sentence, including any order of restitution.

8. The Defendant will cooperate fully with the United States in the investigation and prosecution of the matters in the Information and all related matters, including testifying in all proceedings. All statements and testimony that the Defendant provides must be truthful, and this Agreement does not preclude the prosecution of the Defendant for perjury or making false statements.

9. The United States will recommend releasing the Defendant on the current bond for future court appearances if the Defendant does not violate the terms of the order setting conditions of release.

10. If the Defendant is unable to pay a fine, a mandatory special assessment, or restitution immediately, the Defendant will complete and sign a Form OBD-500 (Financial Statement of Debtor), or will submit to a Deposition in Aid of Collection, or both, at times and places that the United States directs.

11. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

12. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

13. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

14. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

GREGORY F. VAN TATENHOVE
UNITED STATES ATTORNEY

Date: 7/25/03          By:  _____
                           Martin L. Hatfield
                           Assistant United States Attorney

Date: 7/25/03               _____
                           Morris A. Grundy
                           Defendant

Date: 7/25/03               _____
                           Clifton L. Holmes
                           Attorney for Defendant

APPROVED, this ___24th___ day of ___October___, 2003.

                           _____
                           DANNY C. REEVES
                           UNITED STATES DISTRICT JUDGE

Copies To:
USA, USP, Clifton Holmes
(1/28/03 LRS)

Page 4 of 4

**6:05-cv-599 Notice will be electronically mailed to:**

Marianna Jackson Clay    Marianna.Clay@usdoj.gov, USAKYE.ECFCIVIL@USDOJ.GOV;
peggy.rose@usdoj.gov; cheryl.morgan@usdoj.gov

**6:05-cv-599 Notice will be delivered by other means to:**

William Henry Clay
05445-032
FCI - TERRE HAUTE
P.O. Box 33
Terre Haute, IN 47801

```
    LEXL2        *          PUBLIC INFORMATION        *      11-04-2005
PAGE 004 OF 004  *            INMATE DATA             *      10:03:14
                            AS OF 11-04-2005
```

REGNO..: 05445-032 NAME: CLAY, WILLIAM HENRY

```
                   RESP OF: THA / DESIGNATED, AT ASSIGNED FACIL
                   PHONE..: 812-238-1531   FAX: 812-238-9873
------------------------CURRENT COMPUTATION NO: 010 -------------------------
```

COMPUTATION 010 WAS LAST UPDATED ON 09-17-2003 AT BEC AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

```
DATE COMPUTATION BEGAN..........: 09-22-1995
TOTAL TERM IN EFFECT............:   262 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:    21 YEARS        10 MONTHS
EARLIEST DATE OF OFFENSE........: 01-06-1995

JAIL CREDIT.....................:      FROM DATE      THRU DATE
                                      02-10-1995      09-21-1995
TOTAL PRIOR CREDIT TIME.........: 224
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 973
TOTAL GCT EARNED................: 478
STATUTORY RELEASE DATE PROJECTED: 04-11-2014
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 12-09-2016


PROJECTED SATISFACTION DATE.....: 04-11-2014
PROJECTED SATISFACTION METHOD...: GCT REL
```

S0055    NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE

```
LEXL2           *         PUBLIC INFORMATION       *    11-04-2005
PAGE 003        *            INMATE DATA           *    10:03:14
                           AS OF 11-04-2005
```

REGNO..: 05445-032 NAME: CLAY, WILLIAM HENRY

```
                    RESP OF: THA / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 812-238-1531    FAX: 812-238-9873
PRE-RELEASE PREPARATION DATE: 10-11-2013
```

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE: 04-11-2014 VIA GCT REL

---------------------CURRENT JUDGMENT/WARRANT NO: 010 -----------------------

```
COURT OF JURISDICTION...........: KENTUCKY, EASTERN DISTRICT
DOCKET NUMBER...................: 95-15
JUDGE...........................: FORESTER
DATE SENTENCED/PROBATION IMPOSED: 09-22-1995
DATE COMMITTED..................: 10-06-1995
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO
```

```
                FELONY ASSESS  MISDMNR ASSESS  FINES         COSTS
NON-COMMITTED.: $250.00        $00.00          $00.00        $00.00
```

RESTITUTION...: PROPERTY· NO SERVICES. NO      AMOUNT: $00.00

-----------------------CURRENT OBLIGATION NO: 010 ---------------------------
OFFENSE CODE....:  381
OFF/CHG: (CT 2&4)21:841(A)(1)&18:2;DIST COCAINE BASE & A&A.(CT 3&6) 21:
         841(A)(1);DIST COCAINE BASE.(CT 5)21:841(A)(1);DIST COCAINE.

```
SENTENCE PROCEDURE.............: 3559 VCCLEA NON-VIOLENT SENTENCE
SENTENCE IMPOSED/TIME TO SERVE.:   262 MONTHS
TERM OF SUPERVISION..  .......:   10 YEARS
DATE OF OFFENSE................: 01-06-1995
```

G0002      MORE PAGES TO FOLLOW . . .

```
    LEXL2          *        PUBLIC INFORMATION        *     11-04-2005
    PAGE 002       *           INMATE DATA            *     10:03:14
                              AS OF 11-04-2005
```

REGNO..: 05445-032 NAME: CLAY, WILLIAM HENRY

```
                        RESP OF: THA / DESIGNATED, AT ASSIGNED FACIL
                        PHONE..: 812-238-1531   FAX: 812-238-9873
MAN    A-DES       DESIGNATED, AT ASSIGNED FACIL   12-04-1998 1236 03-09-1999 0843
MAN    LOCAL HOSP  ESC TRIP TO LOCAL HOSP W/RETN   12-04-1998 0859 12-04-1998 1236
MAN    A-DES       DESIGNATED, AT ASSIGNED FACIL   09-21-1998 1218 12-04-1998 0859
MAN    LOCAL HOSP  ESC TRIP TO LOCAL HOSP W/RETN   09-13-1998 2240 09-21-1998 1218
MAN    A-DES       DESIGNATED, AT ASSIGNED FACIL   09-13-1998 2239 09-13-1998 2240
MAN    LOCAL HOSP  ESC TRIP TO LOCAL HOSP W/RETN   09-13-1998 2055 09-13-1998 2239
MAN    A-DES       DESIGNATED, AT ASSIGNED FACIL   09-13-1998 2054 09-13-1998 2055
MAN    LOCAL HOSP  ESC TRIP TO LOCAL HOSP W/RETN   09-13-1998 2026 09-13-1998 2054
MAN    A-DES       DESIGNATED, AT ASSIGNED FACIL   09-13-1998 2026
5-U    RELEASE     RELEASED FROM IN-TRANSIT FACL   03-21-1997 1153 03-21-1997 1153
5-U    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL  03-10-1997 1011 03-21-1997 1153
MAN    FED WRIT    RELEASE ON FEDERAL WRIT         03-10-1997 1011 03-21-1997 1153
MAN    A-LES       DESIGNATED, AT ASSIGNED FACIL   10-06-1995 1242 03-10-1997 1011
0-U    RELEASE     RELEASED FROM IN-TRANSIT FACL   10-06-1995 1242 10-06-1995 1242
0-U    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL  10-02-1995 1513 10-06-1995 1242
CCN    ADMIN REL   ADMINISTRATIVE RELEASE          10-02-1995 1513 10-02-1995 1513
CCN    A-ADMIN     ADMINISTRATIVE ADMISSION        10-02-1995 1508 10-02-1995 1513
```

G0002        MORE PAGES TO FOLLOW . . .

```
   LEXL2              *          PUBLIC INFORMATION          *      11-04-2005
  PAGE 001            *             INMATE DATA              *      10:03:14
                                 AS OF 11-04-2005
  REGNO..: 05445-032 NAME: CLAY, WILLIAM HENRY

                        RESP OF: THA / DESIGNATED, AT ASSIGNED FACIL
                        PHONE..: 812-238-1531     FAX: 812-238-9873
  FBI NUMBER.: 444874H                     RACE/SEX...: BLACK / MALE
  PROJ REL MT: GOOD CONDUCT TIME RELEASE   PAR ELIG DT: N/A
  PROJ REL DT: 04-11-2014                  PAR HEAR DT:
  -------------------------------- ADMIT/RELEASE HISTORY -----------------------
  FCL   ASSIGNMENT DESCRIPTION                   START DATE/TIME STOP  DATE/TIME
  THA   A-DES      DESIGNATED, AT ASSIGNED FACIL 06-01-2005 1309 CURRENT
  6-A   RELEASE    RELEASED FROM IN-TRANSIT FACL 06-01-2005 1409 06-01-2005 1409
  6-A   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 06-01-2005 0428 06-01-2005 1409
  BEC   TRANSFER   TRANSFER                      06-01-2005 0428 06-01-2005 0428
  BEC   A-DES      DESIGNATED, AT ASSIGNED FACIL 04-30-2004 1418 06-01-2005 0428
  BEC   LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN 04-30-2004 1002 04-30-2004 1418
  BEC   A-DES      DESIGNATED, AT ASSIGNED FACIL 03-09-2004 1035 04-30-2004 1002
  BEC   ESCORT TRP ESC TRIP OTHER THAN LOCAL HOSP 03-09-2004 0902 03-09-2004 1035
  BEC   A-DES      DESIGNATED, AT ASSIGNED FACIL 06-26-2003 1610 03-09-2004 0902
  A01   RELEASE    RELEASED FROM IN-TRANSIT FACL 06-26-2003 1610 06-26-2003 1610
  A01   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 06-26-2003 1030 06-26-2003 1610
  OKL   HLD REMOVE HOLDOVER REMOVED              06-26-2003 0930 06-26-2003 0930
  OKL   A-BOP HLD  HOLDOVER FOR INST TO INST TRP 06-09-2003 1800 06-26-2003 0930
  A01   RELEASE    RELEASED FROM IN-TRANSIT FACL 06-09-2003 1900 06-09-2003 1900
  A01   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 06-09-2003 1443 06-09-2003 1900
  ATL   HLD REMOVE HOLDOVER REMOVED              06-09-2003 1443 06-09-2003 1443
  ATL   A-HLD      HOLDOVER, TEMPORARILY HOUSED  06-05-2003 1936 06-09-2003 1443
  B02   RELEASE    RELEASED FROM IN-TRANSIT FACL 06-05-2003 1936 06-05-2003 1936
  B02   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 06-05-2003 0612 06-05-2003 1936
  ASH   TRANSFER   TRANSFER                      06-05-2003 0612 06-05-2003 0612
  ASH   A-DES      DESIGNATED, AT ASSIGNED FACIL 03-21-2003 2105 06-05-2003 0612
  5-U   RELEASE    RELEASED FROM IN-TRANSIT FACL 03-21-2003 2105 03-21-2003 2105
  5-U   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 03-21-2003 1706 03-21-2003 2105
  MAN   TRANS SEG  TRANSFER-SEGREGATION          03-21-2003 1706 05-16-2003 1027
  MAN   A-DES      DESIGNATED, AT ASSIGNED FACIL 03-21-2003 1152 03-21-2003 1706
  MAN   LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN 03-21-2003 0845 03-21-2003 1152
  MAN   A-DES      DESIGNATED, AT ASSIGNED FACIL 09-13-2002 1534 03-21-2003 0845
  MAN   LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN 09-13-2002 0847 09-13-2002 1534
  MAN   A-DES      DESIGNATED, AT ASSIGNED FACIL 08-22-2002 0930 09-13-2002 0847
  MAN   ESCORT TRP ESC TRIP OTHER THAN LOCAL HOSP 08-22-2002 0830 08-22-2002 0930
  MAN   A-DES      DESIGNATED, AT ASSIGNED FACIL 07-17-2002 1246 08-22-2002 0830
  MAN   ESCORT TRP ESC TRIP OTHER THAN LOCAL HOSP 07-17-2002 0829 07-17-2002 1246
  MAN   A-DES      DESIGNATED, AT ASSIGNED FACIL 03-22-1999 1455 07-17-2002 0829
  MAN   LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN 03-22-1999 1128 03-22-1999 1455
  MAN   A-DES      DESIGNATED, AT ASSIGNED FACIL 03-09-1999 1505 03-22-1999 1128
  MAN   LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN 03-09-1999 0843 03-09-1999 1505


  G0002        MORE PAGES TO FOLLOW . . .
```

AO 245B   (Rev. 3/01) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

| EASTERN | District of | KENTUCKY |
|---|---|---|

UNITED STATES OF AMERICA
V.

MORRIS A. GRUNDY

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number:     6:03-CR-47 DCR

L. Charles van Cleef
Defendant's Attorney

~~Eastern District of Kentucky~~
**FILED**

OCT 2 4 2003

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

**THE DEFENDANT:**

X   pleaded guilty to count(s)   1

☐   pleaded nolo contendere to count(s)
which was accepted by the court

☐   was found guilty on count(s)
after a plea of not guilty.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18: U.S.C. 113(a)(4) | Assault of Another Individual by Striking or Wounding | 3/21/2003 | 1 |

The defendant is sentenced as provided in pages 2 through _____5_____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐   The defendant has been found not guilty on count(s) _____

X   Count(s)   INDICTMENT 03-CR-28-DCR      X  is   ☐  are  dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.:   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

Defendant's Date of Birth:   7/15/74

Defendant's USM No.:   08724-032

Defendant's Residence Address:

808 Gibson Street

Mt. Pleasant, Texas 75455

Defendant's Mailing Address:

Same

10/24/2004
Date of Imposition of Judgment

Name and Title of Judicial Officer     U.S. Dist Judge

October 24, 2003
Date

AO 245B    (Rev. 3/01) Judgment in a Criminal Case
Sheet 4—Probation

Judgment—Page ___2___ of ___5___

DEFENDANT:        Morris A. Grundy
CASE NUMBER:      6:03-CR-47 DCR

# PROBATION

The defendant is hereby sentenced to probation for a term of ___2 years.___

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter.

X    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of
future substance abuse.

x    The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B   (Rev. 3/01) Judgment in a Criminal Case
       -Sheet 4C — Probation

Judgment—Page   3   of   5

DEFENDANT:   Morris A. Grundy
CASE NUMBER:   6:03-CR-47 DCR

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall participate in a program of mental health treatment at the direction and discretion of the probation officer, until such time as the defendant is released from the program by the probation officer.

---

### ACKNOWLEDGMENT

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)_____          _____
              Defendant                                                        Date


_____          _____
U.S. Probation Officer/Designated Witness                          Date

AO 245B    (Rev. 3/01) Judgment in a Criminal Case
           Sheet 5 — Criminal Monetary Penalties

| | |
|---|---|
| DEFENDANT: | Morris A. Grundy |
| CASE NUMBER: | 6:03-CR-47 DCR |

Judgment — Page ___4___ of ___5___

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 10 | $ 1,000.00 | $ 650.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Bureau of Prisons Chuck Broughton FCI-Manchester Acting Controller P.O. Box 3000 Route 8, Fox Hollow Road Manchester, KY 40962 | | 650.00 | |

| | | | |
|---|---|---|---|
| **TOTALS** | $ _____ | $ _____650.00 | |

☐ If applicable, restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐ the interest requirement is waived for the   ☐ fine and/or   ☐ restitution.

☐ the interest requirement for the   ☐ fine and/or   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B    (Rev. 3/01) Judgment in a Criminal Case
            Sheet 6 — Criminal Monetary Penalties

| | |
|---|---|
| DEFENDANT: | Morris A. Grundy |
| CASE NUMBER: | 6:03-CR-47 DCR |

Judgment — Page ___5___ of ___5___

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A   x   Lump sum payment of $ __10.00__ due immediately, balance due

      ☐ not later than _____ , or
      x   in accordance with   x   C,   ☐ D, or   x   E below; or

B   ☐   Payment to begin immediately (may be combined with   ☐C,   ☐ D, or   ☐ E below); or

C   x   Payment in __equal mthly__ (e.g., equal, weekly, monthly, quarterly) installments of $ __68.75__ over a period of
      __24 mths__ (e.g., months or years), to commence __30 days__ (e.g., 30 or 60 days) after the date of this judgment; or

D   ☐   Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of
      _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
      term of supervision; or

E   x   Special instructions regarding the payment of criminal monetary penalties:

      Criminal monetary penalties are payable to:
      Clerk, U. S. District Court
      Eastern District of Kentucky
      Post Office Box 5121
      London, KY  40574S-5121

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

      Defendant Name, Case Number, and Joint and Several Amount:

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

F
08-603
RCL

JS-44
(Rev.1/05 DC)

**CIVIL COVER SHEET**

## I (a) PLAINTIFFS

William Henry Clay

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

PRO SE (PR)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
# 05445-032

## DEFENDANTS

Attorney General of the U.S.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

Case: 1:08-cv-00603
Assigned To : Lamberth, Royce C.
Assign. Date : 4/9/2008
Description: Pro Se Gen. Civil

JURY ACTION

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

☒ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties
in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**☐ A. Antitrust**

☐ 410 Antitrust

**☐ B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**☐ C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If
     Administrative Agency is Involved)

**☐ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may
be selected for this category of case
assignment.

*(If Antitrust, then A governs)*

## ☐ E. General Civil (Other) OR ☒ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Immigration**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus- Alien
     Detainee
☐ 465 Other Immigration Actions

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☒ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or
     defendant

☐ 871 IRS-Third Party 26
     USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of
     Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational
     Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC
     Rates/etc.

☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt
     Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/
     Exchange
☐ 875 Customer Challenge 12 USC
     3410
☐ 900 Appeal of fee determination
     under equal access to Justice
☐ 950 Constitutionality of State
     Statutes
☐ 890 Other Statutory Actions (if not
     Administrative Agency Review
     or Privacy Act)

0

| □ G. *Habeas Corpus/ 2255* | □ H. *Employment Discrimination* | □ I. *FOIA/PRIVACY ACT* | □ J. *Student Loan* |
|---|---|---|---|
| □ 530 Habeas Corpus-General<br>□ 510 Motion/Vacate Sentence | □ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | □ 895 Freedom of Information Act<br>□ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | □ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| □ K. *Labor/ERISA (non-employment)* | □ L. *Other Civil Rights (non-employment)* | □ M. *Contract* | □ N. *Three-Judge Court* |
|---|---|---|---|
| □ 710 Fair Labor Standards Act<br>□ 720 Labor/Mgmt. Relations<br>□ 730 Labor/Mgmt. Reporting & Disclosure Act<br>□ 740 Labor Railway Act<br>□ 790 Other Labor Litigation<br>□ 791 Empl. Ret. Inc. Security Act | □ 441 Voting (if not Voting Rights Act)<br>□ 443 Housing/Accommodations<br>□ 444 Welfare<br>□ 440 Other Civil Rights<br>□ 445 American w/Disabilities-Employment<br>□ 446 Americans w/Disabilities-Other | □ 110 Insurance<br>□ 120 Marine<br>□ 130 Miller Act<br>□ 140 Negotiable Instrument<br>□ 150 Recovery of Overpayment & Enforcement of Judgment<br>□ 153 Recovery of Overpayment of Veteran's Benefits<br>□ 160 Stockholder's Suits<br>□ 190 Other Contracts<br>□ 195 Contract Product Liability<br>□ 196 Franchise | □ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding  □ 2 Removed from State Court  □ 3 Remanded from Appellate Court  □ 4 Reinstated or Reopened  □ 5 Transferred from another district (specify)  □ Multi district Litigation  □ 7Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

42 USC 1983

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS □ ACTION UNDER F.R.C.P. 23   **DEMAND $** ○   Check YES only if demanded in complaint **JURY DEMAND:** ☒ YES  □ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   □ YES  ☒ NO   If yes, please complete related case form.

**DATE** 4/9/08   **SIGNATURE OF ATTORNEY OF RECORD** No D

## INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
### Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd